IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD MAHLIN, | ) | 4:08CV3175 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| WILLIAM WILLIAMS, individually | ) | |
| and in his capacity as Veterans Service | ) | |
| Officer of Buffalo County, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is a motion to dismiss this § 1983 action for failure to state a claim upon which relief can be granted.[1] The plaintiff, Richard Mahlin, is an attorney who does contract work for the Veterans Advocacy Group.[2] The defendant, William Williams, is the veterans service officer for Buffalo County, Nebraska. The plaintiff alleges as follows:

> That beginning in and continuing from the month of July, 2005, the Defendant made and/or supported the accuracy of knowingly false and damaging statements with the intent to harm the personal and business reputations of the Plaintiff.

> That Plaintiff's letters demanding the full retraction of false, slanderous and libelous statements were mailed by United States Postal Service, certified, in September 2006 with no response by the recipients

---

[1] Motions to dismiss have also been filed in three related cases: *Brown v. Williams*, 4:08CV3166; *Burgess v. Williams*, 4:08CV3167; and *Shuda v. Williams*, 4:08CV3168.

[2] Veterans Advocacy Group is the business name of a Nebraska corporation, Veterans Consultation Group, Inc., that is a plaintiff in the *Brown* case.

which included the members of the Buffalo County Board of Supervisors, the Buffalo County Attorney, Veterans Service Officer William Williams, and the Buffalo County Veterans Advisory Board. The Defendant continues to make the false, slanderous and libelous statements to the present day[;] no action was taken to stop the dissemination of the information and thus there is an official custom of the County to permit the continued conduct on the part of Defendant Willams; and Williams is a final policy maker of Buffalo County Nebraska, operating as the appointed Veterans Service Officer.

The false statements by the defendant included but [were] not limited to written letters, internet mass mailings, web cites, repeated reports to separate governmental agencies claiming wrongdoing which were found to be unsubstantiated by said agencies.

That the Defendant published private medical information and private information about Plaintiff's wife and circulated false statements via mass internet mailings.

That the Defendant stated that Plaintiff was receiving $2,979.00 a month from the VA and stated "how can someone be that disabled and still supervise a full time employee?"

That the Defendant enticed clients of the Veteran's [sic] Advocacy Group whom Plaintiff was representing to terminate his representation of the client causing damage to the Plaintiff in the form of lost income.

That the Defendant falsely stated that the Plaintiff assisted other veterans in obtaining "fraudulent medical examinations" in order to receive benefits from the Veteran's [sic] Administration.

(Filing 1, ¶¶ 8-14, pp. 3-4 (paragraph numbering omitted).)

Summarizing the statement of his claim, the plaintiff alleges that "Defendant deprived the Plaintiff of his liberty interest in his reputation by making false and stigmatizing comments about him without notice and without due process of law" and

2

"deprived the Plaintiff of his liberty interest by publishing his private confidential medical and benefit information and information about his wife." (Filing 1, ¶¶ 16, 17, at CM/ECF pp. 4-5.) The defendant disputes that any constitutional violation has been alleged.

I agree with the defendant that his alleged publication of false statements did not violate the plaintiff's constitutional rights under the Fourteenth Amendment. The Eighth Circuit, relying on the Supreme Court's decision in *Paul v. Davis*, 424 U.S. 693 (1976), has held that one's reputation is not a property or liberty interest that is protected by the Fourteenth Amendment, and that "allegations of a loss of business as a result of the damage to [one's] reputation, without more, does not change this conclusion." *Green v. DeCamp*, 612 F.2d 368, 370 (8th Cir. 1980). *See also Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003) ("The loss of reputation must be coupled with some other tangible element to rise to the level of a protectible property interest."); *Mangan v. Cullen*, 870 F.2d 1396, 1399 (8th Cir. 1989) ("To establish a liberty interest under the Fourteenth Amendment for injury to reputation a party must show not only that he was stigmatized but also that he was stigmatized in connection with a denial of a right or status previously held under state law."); *Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988) (plaintiff's claim of injury to his ability to make a living did not implicate any state action beyond the alleged general injury to his reputation). *But see Gunderson v. Schlueter*, 904 F.2d 407, 409 n. 4 (8th Cir. 1990) ("[I]njury to reputation alone, without additional proof of a loss of business or employment opportunities, does not rise to a constitutional deprivation."). Because the plaintiff's defamation claim fails to satisfy this "stigma plus" test, it will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]

I also agree with the defendant that the complaint's allegations concerning his publication of the plaintiff's medical and benefit information do not state a claim

---

[3] Such dismissal, of course, is without prejudice to the plaintiff's ability, if any, to file a tort action in state court.

upon which relief can be granted.[4] The Eighth Circuit has held that "to violate the constitutional right of privacy 'the information disclosed must be either a shocking degradation or an egregious humiliation . . . to further some specific state interest, or a flagrant bre[a]ch of a pledge of confidentiality which was instrumental in obtaining the personal information.'" *Cooksey v. Boyer*, 289 F.3d 513, 516 (8th Cir. 2002) (quoting *Alexander v. Peffer*, 993 F.2d 1348, 1350 (8th Cir. 1993)). "To determine whether a particular disclosure satisfies this exacting standard, we must examine the nature of the material opened to public view to assess whether the person had a legitimate expectation that the information would remain confidential while in the state's possession." *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir. 1996). "When the information is inherently private, it is entitled to protection." *Id.* (quoting *Fraternal Order of Police v. City of Philadelphia*, 812 F.2d 105, 116 (3d Cir. 1987)). By any estimation, medical records must be considered extremely personal and entitled to protection under the fourteenth amendment. *See id.* (citing with approval *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir.1980) (extending privacy protection to medical records)).

The plaintiff has only alleged that the defendant "published private medical information" and "stated that Plaintiff was receiving $2,979.00 a month in VA benefits." There is no description of the type of medical information that allegedly was disclosed by the defendant, nor are there any facts alleged to show that the

---

[4] When confronted with a Rule 12(b)(6) motion, all the factual allegations contained in the complaint are accepted as true, and the complaint is reviewed to determine whether its allegations show that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). If the complaint does not state "enough facts to state a claim to relief that is plausible on its face," it must be dismissed for failure to state a claim. *Id.* at 1974. The complaint must state enough facts to "nudge [the] claims across the line from conceivable to plausible. . .." *Id.* "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 1965 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

4

information had been provided by the plaintiff to the state or county. Similarly, it is not alleged that the defendant had access to the information because of his official position, or that he breached any pledge of confidentiality. In short, the plaintiff has failed to state a factual basis for a Fourth Amendment claim regarding the alleged disclosure of his medical and veterans benefit information.[5]

The plaintiff also alleges that "information about his wife" was disclosed. Again, there is no description of this information. Furthermore, as a general rule, a plaintiff may only assert his own injury in fact and "cannot rest his claim to relief on the legal rights or interests of third parties." *Hodak v. City of St. Peters*, 535 F.3d 899, ___ (8th Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)). The plaintiff's allegations do not show that he has "third-party standing" to assert a right-to-privacy claim on behalf of his wife. The factual allegations of the complaint also fail to state a First Amendment claim.[6]

---

[5] Although the plaintiff's brief concludes with a request for "leave to amend his complaint as needed" (filing 9, at CM/ECF p. 9), he has not shown that the pleading deficiencies can be corrected. Therefore, I will not grant the plaintiff leave to amend based on this informal request. *See Misischia v. St. John's Mercy Health Systems*, 457 F.3d 800, 805 (8th Cir. 2006) (district court did not abuse its discretion by denying plaintiff leave to amend where he made no motion and did not explain substance of proposed amendment, but only included one-line request in his brief), *cert. denied*, 127 S.Ct. 1258 (2007). *See also* NECivR 15.1(a) ("A party who moves for leave to amend a pleading . . . shall file as an attachment to the motion an unsigned copy of the proposed amended pleading. . . . The motion for leave to amend shall set forth specifically the amendments proposed to be made to the original pleading . . . ."). The plaintiff, if he desires, may couple a motion for leave to amend with a motion to vacate the court's judgment under Federal Rule of Civil Procedure 59(e) or for relief from judgment under Federal Rule of Civil Procedure 60(b). *See Wilburn v. Pepsi-Cola Bottling Co.*, 492 F.2d 1288, 1290 (8th Cir. 1974); *United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006).

[6] Although the complaint references the First Amendment, the plaintiff only argues in his brief that he has stated a Fourteenth Amendment claim.

IT IS ORDERED that the defendant's motion to dismiss (filing 6) is granted. Final judgment shall be entered by separate document.

October 20, 2008. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge